**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

CASE NO. _____

MADISYN BROWN,

    Plaintiff,

v.

INSTITUTE FOR SHIPBOARD EDUCATION,
d/b/a "Semester at Sea",

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, MADISYN BROWN (hereinafter "Plaintiff"), is a resident of Georgia.

2. Defendant, INSTITUTE FOR SHIPBOARD EDUCATION, d/b/a "Semester at Sea" (hereinafter "Defendant" and/or "Semester at Sea"), is a Delaware corporation with its principal place of business in Fort Collins, Colorado.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through agent(s), maintained a business with its headquarters in this state, transacted business, including entering into contracts, within this state; owned, used and/or possessed real property situated in this state; contracted to

insure property and/or against other risks within this state, and/or committed a tortious act from and/or within this state.

5. Additionally, this action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant unilaterally inserts a forum clause into its ticket contract that requires its passengers, including Plaintiff, to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

6. At all times material hereto, Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the general maritime law of the United States and/or the laws of Colorado.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant, Semester at Sea, owned, operated, managed, maintained, controlled, and/or had exclusive custody of the M/V *World Odyssey* (hereinafter "the vessel").

9. Semester at Sea is in the business of providing educational cruises, mainly for college students.[1]

10. At all times material hereto, Plaintiff was a fare-paying passenger aboard the vessel.

11. Plaintiff sailed aboard the vessel from January to April, 2019 (hereinafter the "subject voyage").

---

[1] https://www.semesteratsea.org/ (last accessed December 13, 2019 at 7:46 a.m.).

**Promotional Material and Statements Disseminated by**
**Semester at Sea Concerning the Subject Voyage**

12. Prior to the subject voyage, Semester at Sea's website contained information and descriptions pertaining to the health resources and mental health care available aboard the vessel.

13. Between August and December 2018, Plaintiff periodically and regularly reviewed the promotional information and statements disseminated from Semester at Sea's website concerning the health resources and mental health care available aboard the vessel. Plaintiff relied on this information and statements to her detriment in deciding to participate in the subject voyage.

14. At all times material hereto, Plaintiff reasonably relied upon the information published by Semester at Sea on its website because the Plaintiff knew of Semester at Sea's reputation as an educational cruise, due to its long-standing history of providing educational cruises for over fifty (50) years,[2] and therefore reasonably believed the information published on Semester at Sea's website was truthful and accurate.

15. At all times material hereto, Plaintiff relied on Semester at Sea's promotional material to her detriment because, had she known Semester at Sea did not actively and/or adequately evaluate and/or coordinate mental health care for passengers (including care of eating disorders) aboard the vessel, nor respond to emergent mental health conditions – as Semester at Sea advertised on its website – the Plaintiff would not have paid for and/or participated in the subject voyage.

16. At all times material hereto, the information Semester at Sea made available on its website, including information concerning the health resources and mental health care (including care for

---

[2] https://www.semesteratsea.org/contact/about-us/#the-history-of-shipboard-education (last accessed December 13, 2019 at 8:02 a.m.).

eating disorders) available aboard the vessel, was disseminated from and/or approved by Semester at Sea from its headquarters in Colorado.

17. As part of its promotion of the subject voyage, Semester at Sea represented the following,[3] as confirmed by the screenshot of Semester at Sea's website depicted below:

- "On each voyage, Semester at Sea deploys, as part of the medical team, **two licensed mental health cou[n]sellors responsible for coordinating, implementing and evaluating total mental health care and education for all passengers**."

- "The medical team **responds to** the **routine and emergent health conditions** of Semester at Sea participants and provides educational programming **and outreach** to the shipboard community as contributors to Pre-port briefings."

- "**This includes diagnostic assessment and short term clinical therapy in all areas of mental health**. In addition to facilitating on-board support groups (e.g. alcohol abuse, **eating disorders**, etc.), voyage mental health professionals prepare educational programming **and outreach to the shipboard community** and are contributors to pre-port briefings."

- "**The health clinic on board the MV *World Odyssey* is among the most advanced medical facilities available on ocean-going vessels today**. Voyage medical staff are **U.S.-licensed health professionals**. Personnel include at minimum**:
    - **A board-certified program physician**
    - **A board-certified program physician's assistant or nurse practitioner**
    - **A certified ship's physician**
    - **Two certified ship's nurses**"

[*The remainder of this page has been intentionally left blank;*

*screenshot to follow on the next page*]

---

[3] https://www.semesteratsea.org/safety/during-the-voyage/ (last accessed December 13, 2019 at 7:48 a.m.) (emphasis supplied).

### Health Resources During a Voyage

#### Medical Clinic

The health clinic on board the MV *World Odyssey* is among the most advanced medical facilities available on ocean-going vessels today. Voyage medical staff are U.S.-licensed health professionals. Personnel include at minimum:

- A board-certified program physician
- A board-certified program physician's assistant or nurse practitioner
- A certified ship's physician
- Two certified ship's nurses

The on-board clinic receives patients—at no cost–every day both at sea and in port. A member of the medical team is on-call 24/7 in case of emergencies. There is a minimal cost for any medicine they may be prescribed by the on ship medical team. The ship's crew also includes a crew doctor and a two crew nurses who are available to administer care to voyage participants.

The medical team responds to the routine and emergent health conditions of Semester at Sea participants and provides educational programming and outreach to the shipboard community as contributors to Pre-port briefings.

#### Mental Health Care

On each voyage, Semester at Sea employs, as part of the medical team, two licensed mental health cousellors responsible for coordinating, implementing, and evaluating total mental health care and education for all passengers.

This includes diagnostic assessment and short term clinical therapy in all areas of mental health. In addition to facilitating on-board support groups (e.g. alcohol abuse, eating disorders, etc.), voyage mental health professionals prepare educational programming and outreach to the shipboard community and are contributors to pre-port briefings. Counseling is available by appointment.

## The Subject Incident

18. On or about October 31, 2018, and before boarding the vessel, Plaintiff disclosed to Defendant that she had an "Eating Disorder."

19. On or about January 5, 2019, Plaintiff boarded the vessel.

20. While aboard the vessel, Plaintiff suffered from her Eating Disorder (anorexia) and, as a result, refrained from eating food and/or meals aboard the vessel.

21. Plaintiff's professors and/or the counselors aboard the vessel saw and/or interacted with the Plaintiff on a daily and/or weekly basis aboard the vessel, and as such, had a sufficient opportunity to observe the Plaintiff's physical and mental state deteriorate throughout the voyage. Had Plaintiff's professors and/or the counselors aboard the vessel reasonably evaluated the Plaintiff while aboard the vessel, they would have observed Plaintiff's physical and mental state rapidly deteriorate from the time of her boarding as a result of her disclosed Eating Disorder.

22. In April 2019, Plaintiff's mother realized the amount of weight the Plaintiff had lost aboard the vessel and contacted a supervisor aboard the vessel to inform them of the Plaintiff's deteriorating condition. Several days later, Plaintiff medically disembarked the vessel.

23. At the time Plaintiff medically disembarked the vessel, she weighed substantially less than her pre-voyage weight.

24. Defendant knew and/or reasonably should have known of the Plaintiff's deteriorating mental and/or physical condition while aboard the vessel for reasons that include, but are not limited to:

   a. Plaintiff disclosing her Eating Disorder to Defendant pre-voyage;

   b. Plaintiff interacted with and/or was seen by her professors and the counselors aboard the vessel on a daily and/or weekly basis;

    c. Plaintiff lost a substantial amount of weight at a rapid rate aboard the vessel from January to April 2019; and/or

    d. Defendant advertises the fact that there are "two licensed mental health cou[n]sellors responsible for coordinating, implementing and evaluating total mental health care and education for all passengers," which includes the "evaluat[ion]" of "eating disorders" aboard the vessel, but the mental health counselors completely failed to evaluate and/or respond to the Plaintiff's deteriorating mental and/or physical condition while she was aboard the vessel.

25. Following this incident aboard the vessel, the Plaintiff was diagnosed with malnutrition, severe anorexia, anxiety, osteopenia, suffered from respiratory complications and other damages.

### COUNT I – GENERAL NEGLIGENCE

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-five (25) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, Defendant undertook and/or assumed the duty to provide Plaintiff with mental health counseling, including but not limited to, the duty to provide Plaintiff with counseling for her disclosed Eating Disorder.

28. During the subject voyage, Defendant and/or its agents, servants and/or employees breached its duties to the Plaintiff through the following acts and/or omissions:

    a. Failing to recognize, identify, evaluate and/or diagnose the Plaintiff's deteriorating mental and/or physical condition aboard the vessel; and/or

    b. Failing to perform any diagnostic assessments and/or testing on the Plaintiff to recognize, identify, evaluate and/or diagnose the Plaintiff's deteriorating mental and/or physical condition aboard the vessel; and/or

    c. Failing to coordinate and/or implement a mental health plan to monitor and/or treat the Plaintiff's deteriorating mental and/or physical condition aboard the vessel; and/or

    d. Failing to provide the Plaintiff with any short term clinical therapy in connection with the Plaintiff's deteriorating mental and/or physical condition aboard the vessel; and/or

    e. Failing to respond to the Plaintiff's deteriorating mental and/or physical condition aboard the vessel; and/or

    f. Failing to provide the Plaintiff with food and/or meals aboard the vessel that she could consume given her disclosed Eating Disorder; and/or

    g. Failing to accommodate Plaintiff in light of her disclosed Eating Disorder; and/or

    h. Failing to sufficiently inquire as to Plaintiff's disclosed Eating Disorder in light of her pre-voyage disclosure of same; and/or

    i. Failing to adequately and/or properly consult documentation provided pre-voyage concerning the Plaintiff's disclosed Eating Disorder; and/or

    j. Failing to conform to documentation provided pre-voyage concerning the Plaintiff's disclosed Eating Disorder; and/or

    k. Breach of the duty of reasonable care for passengers with eating disorders, like the Plaintiff; and/or

    l. Failing to promulgate and/or enforce adequate policies and procedures for passengers with eating disorders, like the Plaintiff; and/or

    m. Failing to monitor, supervise, train, and instruct crewmembers and/or professors and/or counselors stationed aboard the vessel in recognizing, handling and/or responding to passengers with eating disorders, like the Plaintiff.

29. The above acts and/or omissions caused and/or contributed to Plaintiff's injuries because the Plaintiff would not have suffered her injuries outlined above but for such acts and/or omissions.

30. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and resulting injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's education, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – MISLEADING ADVERTISING IN VIOLATION OF COLORADO STATUTE § 6-1-105

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-five (25) as though alleged originally herein.

32. Between August and December 2018, Plaintiff reviewed Semester at Sea's website prior to boarding the vessel, including the information set forth in paragraphs 12-17 above, which was disseminated from and/or approved by Semester at Sea from its headquarters in Colorado.

33. At all times material hereto, Semester at Sea's promotional material, including its website referenced above, which Plaintiff reviewed, contained the statements and descriptions set forth in paragraphs 12-17 above.

34. At all times material hereto, Semester at Sea's promotional material, including its website referenced above and the statements contained therein, which Plaintiff reviewed, contained misrepresentations of material facts, including:

   a. Mispresenting that "[o]n each voyage, Semester at Sea employs, as part of the medical team, two licensed mental health cou[n]sellors responsible for coordinating, implementing, and evaluating total mental health care and education for all passengers"; <u>when in reality</u>, the mental health counselors aboard the vessel do not coordinate, implement or evaluate the total mental health care of passengers, like Plaintiff; and/or

b. Misrepresenting that the mental health counselors stationed aboard the vessel have the ability and/or responsibility to perform "diagnostic assessment and short term clinical therapy in all areas of mental health. In addition to facilitating on-board support groups (e.g. alcohol abuse, eating disorders, etc.), voyage mental health professionals prepare educational programming and outreach to the shipboard community and are contributors to pre-port briefings"; <u>when in reality</u>, the mental health counselors fail to recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) and fail to perform diagnostic assessments and/or testing on passengers' with mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose passengers' existing or deteriorating mental health conditions (like the Plaintiff); and/or

c. Misrepresenting that the medical team (including the mental health counselors) stationed aboard the vessel "responds to the routine and emergent health conditions of Semester at Sea participants and provides educational programming and outreach to the shipboard community as contributors to Pre-port briefings"; <u>when in reality</u>, the medical team (including the mental health counselors) fail to recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) and fail to perform diagnostic assessments and/or testing on passengers with pre-existing and/or disclosed mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose passengers' existing or deteriorating mental health conditions (like the Plaintiff).

35. Pursuant to Colorado Statute § 6-1-105, Semester at Sea is responsible for the foregoing false and/or misleading advertisements because Defendant was in the business of providing educational cruises to passengers (like Plaintiff), including but not limited to the provision of mental health counseling during transit and/or obtained the benefits (including monetary) of the statements and/or advertisements outlined above.

36. At all times material hereto, the foregoing statements Semester at Sea made and/or disseminated from its website were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading. This knowledge was or should have been acquired through:

a. Semester at Sea's initial approval process and/or annual inspections of the mental health counselors stationed aboard the vessel, including, but not limited to, having Semester at Sea's representative(s) participate in the voyage and performing inspections, which did or should have revealed: (1) the mental health counselors aboard

    the vessel did not coordinate, implement or evaluate the total mental health care of passengers, like Plaintiff; (2) the mental health counselors fail to recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) nor perform any diagnostic assessments and/or testing on passengers' mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose Passengers' existing or deteriorating mental health conditions (like the Plaintiff); and/or (3) the medical team (including the mental health counselors) fail to recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) nor perform any diagnostic assessments and/or testing on passengers' mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose Passengers' existing or deteriorating mental health conditions (like the Plaintiff).

  b. Prior incidents involving Semester at Sea passengers who boarded the vessel with pre-existing and disclosed mental health conditions, including eating disorders, which did or should have revealed: (1) the mental health counselors aboard the vessel did not coordinate, implement or evaluate the total mental health care of passengers, like Plaintiff; (2) the mental health counselors fail to recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) nor perform any diagnostic assessments and/or testing on passengers' mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose Passengers' existing or deteriorating mental health conditions (like the Plaintiff); and/or (3) the medical team (including the mental health counselors) fail to recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) nor perform any diagnostic assessments and/or testing on passengers' mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose Passengers' existing or deteriorating mental health conditions (like the Plaintiff).

  c. Semester as Sea's own customs, practices, policies procedures, reviews and/or performance evaluations of the medical team stationed aboard the vessel concerning their ability and/or competency to: (1) coordinate, implement or evaluate the total mental health care of passengers, like Plaintiff; (2) recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) and/or performance of diagnostic assessments and/or testing on passengers' mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose Passengers' existing or deteriorating mental health conditions (like the Plaintiff); and/or (3) recognize, identify, evaluate and/or diagnose passengers' mental health conditions (like the Plaintiff) and/or perform any diagnostic assessments and/or testing on passengers' mental health conditions (like the Plaintiff) to recognize, identify, evaluate and/or diagnose Passengers' existing or deteriorating mental health conditions (like the Plaintiff).

37. At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers, like the Plaintiff, to rely on the

statements and act by purchasing tickets for the subject voyage, as evident by the statements and descriptions set forth in paragraphs 12-17 above.

38. At all times material hereto, the Plaintiff justifiably relied on the representations made by Semester at Sea when Plaintiff purchased her ticket for the subject voyage. The Plaintiff's reliance on Semester at Sea's representations was justified considering that Plaintiff was a resident of Georgia, and Semester at Sea, with its principal place on Colorado, was in the business of offering educational voyages , mainly to college students like Plaintiff, for over fifty (50) years, from which it earned hundreds of thousands of dollars a year (or more). As a result, Semester at Sea was in a much stronger position to identify the potential dangers and/or inequities that passengers (like Plaintiff) could encounter when participating in the subject voyage. The Plaintiff therefore justifiably relied upon Semester at Sea to accurately advise Plaintiff concerning the excursion providers and/or the subject excursion. The Plaintiff's reliance upon Semester at Sea's representations was also justified because Semester at Sea made all arrangements for the subject voyage; Semester at Sea marketed the subject voyage using its website and company logo; and/or Plaintiff's exclusive contacts concerning the subject voyage was solely with Semester at Sea. Further, had Semester at Sea not made the foregoing representations, the Plaintiff would have made a different decision in deciding to participate in the subject voyage.

39. The above acts and/or omissions caused and/or contributed to Plaintiff's injuries because the Plaintiff would not have suffered her injuries outlined above but for such acts and/or omissions.

40. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and resulting injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

41. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's education, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: December 16, 2019

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jacqueline Garcell*
**MICHAEL A. WINKLEMAN**
Bar No. 36719
mwinkleman@lipcon.com
**JACQUELINE GARCELL**
Bar No. 104358
jgarcell@lipcon.com